

CHAPTER *539*

2d Rdg. 797        Nos. 2703, 4479        Int. 2551

# IN ASSEMBLY

February 13, 1956

Introduced by Mr. OSTRANDER—read once and referred to the
Committee on Labor and Industries—reported from said com-
mittee with amendments, ordered reprinted as amended and
placed on the order of second reading

## AN ACT

To amend the labor law, in relation to the payment of wages
and salaries

*Notes*

*Jurats and Enacting Clause*

Compared by *Northcott & Murtagh*

NEW YORK STATE LIBRARY        APR 1 1 1958
        Approved by

**MICROFILMED**

DATE *3/16/59*
NO. OF PRINTED BILLS *4*
NO. OF EXPOSURES
EXCLUSIVE OF BILLS *24*

Digitized by the New York State Library from the Library's collections.

# State of New York

## In Assembly

MAR 1 5 1956

Ordered, That the Clerk deliver the bill entitled

# AN ACT

## To amend the labor law, in relation to the payment of wages and salaries

to the Senate, and request its concurrance in the same.

By order of the Assembly

ANSLEY B. BORKOWSKI

Clerk

1

Digitized by the New York State Library from the Library's collections.

IN SENATE
Passed Without Amendment

MAY 2 3 1956

By order of the SENATE

William S. Key

, SECRETARY

2

Digitized by the New York State Library from the Library's collections.

White Collar Coverage under Wage
Payment Law

LEGISLATIVE HISTORY

To amend the labor law, in relation
to the payment of wages and salaries

This bill has not been introduced in any previous session

of the Legislature.

3

Digitized by the New York State Library from the Library's collections.

When ...

Payment Law

SUPPORTING STATEMENT

To amend the labor law, in relation
to the payment of wages and salaries

The term "employee" is defined in Section 2, subdivision 5 of the
Labor Law to mean "...a mechanic, workingman or laborer working for another
for hire."  The term "employer' is defined in Section 2, subdivision 6 to
mean "...the person employing any such mechanic, workingman or laborer...".

The effect of these restrictive definitions is that office workers,
such as typist, stenographers, and clerks, and other non-manual employees
do not have the protection of the Labor Law provisions for the prompt payment
of wages and the assistance of the Department of Labor in the collection of
unpaid wages.

At the 1955 legislative session wage payment protection was af-
forded to salesmen by Chapter 620.

The attached bill would permit the Department of Labor to assist
typists, stenographers, clerks, and other office workers in the collection of
their unpaid wages in the same manner that the Department assists manual
workers in their wage claims.  The bill does not contain any specific time
requirement for the payment of wages; it merely requires that wages and
salaries shall be paid in accordance with the agreed terms of employment.

This bill will in no way upset existing wage plans under which
office workers are paid on a semi-monthly or monthly basis.

Persons employed in a bona fide executive, administrative or pro-
fessional capacity whose earnings exceed one hundred dollars a week would
not be covered by the provisions of the attached bill.

4

Digitized by the New York State Library from the Library's collections.

12/20/55

AN ACT to amend the labor law, in
relation to the payment of wages
and salaries

The People of the State of New York,
represented in Senate and Assembly,
do enact as follows:

Section 1.  The labor law is hereby amended by inserting therein
a new section, to be section one hundred ninety-six-c, to read as follows:

§ 196-c.  Payment of wages and salaries of other persons employed.
Every employer carrying on a business by lease or otherwise shall pay to
each individual in his employ the wages and salary earned in accordance
with the agreed terms of employment.

The term "employer" as used in this section shall include any
person, co-partnership, corporation, or joint stock association employing
any individual in any occupation, industry, trade, business, or service.

The provisions of sections one hundred ninety-seven, one hundred
ninety-eight, one hundred ninety-nine and one hundred ninety-nine-b shall apply
to the wages and salaries described in this section.

This section shall not apply to any person employed in a bona fide
executive, administrative, or professional capacity whose earnings are in
excess of one hundred dollars a week, nor to persons covered by the provisions
of sections one hundred ninety-six or one hundred ninety-six-a, or by article
nineteen of this chapter, or by any order promulgated under such article.

Section 2.  This act shall take effect immediately.

**5**

Digitized by the New York State Library from the Library's collections.



**STATE OF NEW YORK**

## DEPARTMENT OF LABOR

### ALBANY

NEW YORK OFFICE        80 CENTRE STREET

ISADOR LUBIN
INDUSTRIAL COMMISSIONER

NEW YORK 13, N. Y.

January 19, 1956

Hon. Daniel Gutman
Counsel to the Governor
Executive Chambers
The Capitol
Albany 1, New York



Dear Mr. Gutman:

    Pursuant to your request, I enclose seven
backed copies of each of the following bills which
have been approved for introduction.  I also enclose
nine copies of the supporting statement for each
bill.

       Labor Law - Section 196-c

       Labor Law - Section 220
              Subd. 5-a (new)

       Labor Law - Article 8
              Section 223

       Labor Law - Section 662

       Labor Law - Section 241

    I also enclose nine copies of the legislative
history of each of the above bills.

    I am also transmitting to the Budget Director,
one backed copy of each of the bills together with its
supporting memorandum and legislative history.

             Sincerely yours,

             Isador Lubin
             Industrial Commissioner

**6**

IL:Fml
Encs.

Digitized by the New York State Library from the Library's collections.

SUPPORTING STATEMENT

To amend the Labor Law, in relation
to the payment of wages and salaries

The term "employee" is defined in Section 2, subdivision 5 of the
Labor Law to mean "...a mechanic, workingman or laborer working for another
for hire."  The term "employer" is defined in Section 2, subdivision 6 to
mean "...the person employing any such mechanic, workingman or laborer...".

The effect of these restrictive definitions is that office workers,
such as typist, stenographers, and clerks, and other non-manual employees
do not have the protection of the Labor Law provisions for the prompt payment
of wages and the assistance of the Department of Labor in the collection of
unpaid wages.

At the 1955 legislative session wage payment protection was af-
forded to salesmen by Chapter 620.

The attached bill would permit the Department of Labor to assist
typists, stenographers, clerks, and other office workers in the collection of
their unpaid wages in the same manner that the Department assists manual
workers in their wage claims.  The bill does not contain any specific time
requirement for the payment of wages; it merely requires that wages and
salaries shall be paid in accordance with the agreed terms of employment.

This bill will in no way upset existing wage plans under which
office workers are paid on a semi-monthly or monthly basis.

Persons employed in a bona fide executive, administrative or pro-
fessional capacity whose earnings exceed one hundred dollars a week would
not be covered by the provisions of the attached bill.

*ass'd bd*

7

Digitized by the New York State Library from the Library's collections.

1956 Session

Law..... Labor ........................................Sections.....  196-c

Subject and Purpose. To extend the wage payment provisions of the labor law to

certain employees not now included.

Division of the Budget recommendation on the above bill:

Approve: _____   Disapproved: ____ X ____   No Recommendation: _____

*for until amended as*
*recommended below. DH.*

    If mechanics, workingmen and laborers are not paid their wages as provided by
the labor law, they may obtain the assistance of the Industrial Commissioner who
will prosecute the claim in the name of the employee. Employers who violate the
wage payment provisions of the labor law are also subject to certain penalties as
prescribed by the penal law.  This protection does not extend to the "white collar"
workers nor to executive and professional staff.

    The proposed bill, without upsetting existing employment agreements, would extend
the wage payment provisions to all employees not otherwise covered except those
employed in a bona fide executive, administrative, or professional capacity whose
earnings are in excess of $100 a week.

    This legislation is desirable since employees not now covered must resort to
civil action to recover unpaid wages.

    The additional cost to administer the new provision is estimated at $10,000.
The Department of Labor budget for 1956-57 does not provide funds for this purpose.

    The bill should be amended to carry an appropriation of $10,000.

Date:  __January 24, 1956__          Examiner:  ___John E. Burke___

Disposition:

8

Digitized by the New York State Library from the Library's collections.

STATE OF NEW YORK

ALBANY

JOHN L. OSTRANDER
CHAIRMAN
LABOR AND INDUSTRIES COMMITTEE

March 27th, 1956

Hon. Daniel Gutman
Executive Chamber
State Capitol
Albany, New York

Re: Assembly Bill Intro. 2551
      Print 4479

Dear Mr. Gutman:

This bill was introduced by me at the request of the Department of Labor.

In its original form (Print 2703) it was opposed by the New York State Council of Retail Merchants, the Association of Casualty and Surety Companies and by Associated Industries.

A conference between Associated Industry and the Labor Department resulted in the present wording (Print 4479). I do not know the present position of either the Council of Retail Merchants or the Association of Casualty and Surety Companies.

It is supported strongly by the Commerce and Industry Association of New York.

I am enclosing herewith a copy of the memorandum furnished to me by the Department of Labor.

Because of additional benefits and protection which will be afforded to office workers its approval is respectfully requested.

Sincerely yours,

John L. Ostrander

John L. Ostrander

9

JLO/cmm
Encls.

Digitized by the New York State Library from the Library's collections.

SAMUEL D. LEIDESDORF, President
WILLIAM L. KLEITZ, ...
EDWARD STALEY, Vice President
EDMUND F. WAGNER, Vice President

CLEMENT V. CONOLE, Treasurer
THOMAS ... MILEY,
            Executive Vice President
JOSEPH A. SINCLAIR, Secretary

# COMMERCE AND INDUSTRY ASSOCIATION OF NEW YORK
### INCORPORATED

99 CHURCH STREET   •   NEW YORK 7, N. Y.

Cable Address COMINDASSN   •   Telephone Rector 2-5200

A 2551

March 28, 1956

RECEIVED

MAR 29 1956

COUNSEL TO THE GOVERNOR

Hon. Daniel Gutman, Counsel to the Governor
Executive Chamber
The Capitol
Albany 1, New York

Dear Judge Gutman:

Enclosed is a copy of a letter which I sent today to Governor Harriman, urging him to sign Assembly Int. 2551 which would give the Industrial Commissioner power to act on behalf of office workers in the pursuit of back-wage claims against recalcitrant employers.

This proposal was sponsored by the Department of Labor and has our wholehearted support.

It will remove a gross inequity under the present law which gives factory workers a meaningful remedy in the collection of back wages, while office workers, similarly aggrieved, must fend for themselves.

Sincerely yours,

Thomas Jefferson Miley
Executive Vice President

TJM:cw
Enc.

10

━━━━━ BOARD OF DIRECTORS ━━━━━

JOHN ADIKES, President, Jamaica Savings Bank
MARION W. BOYER, Director,
        Standard Oil Company (New Jersey)
HERBERT L. CARPENTER, President, Carpenter Container Corp.
GEORGE E. CLEARY, Cleary, Gottlieb, Friendly & Hamilton
CLEMENT V. CONOLE, Chairman of Board,
        American Management Company
THOMAS J. DEEGAN, Jr., Vice President,
        New York Central System
PERCY J. EBBOTT, Vice Chairman of Board,
        The Chase Manhattan Bank
JAMES HILL, Jr., Chairman of Board, Sterling Drug Inc.
JOHN A. HILL, President, Air Reduction Co., Inc.
JAMES F. HOGE, Rogers, Hoge & Hills

THOMAS S. HOLDEN, Vice-Chairman of Board,
        F. W. Dodge Corporation
MARTENS H. ISENBERG, President,
        Combustion Engineering, Inc.
WILLIAM L. KLEITZ, President,
        Guaranty Trust Company of New York
SAMUEL D. LEIDESDORF, S. D. Leidesdorf & Company
GERALD LeVINO, President, Guiterman Company, Inc.
KEITH S. McHUGH, President, New York Telephone Company
CLARENCE J. MYERS, President,
        New York Life Insurance Company
J. WILSON NEWMAN, President, Dun & Bradstreet, Inc.
GEORGE O. NODYNE, President, East River Savings Bank

L. A. PETERSEN, President, Otis Elevator Company
HUDSON R. SEARING, Chairman of Board,
        Consolidated Edison Company of New York, Inc.
EDWARD STALEY, President, W. T. Grant Company
LAURENCE ARNOLD TANZER, Tanzer & Mullaney
H. C. TURNER, Jr., President, Turner Construction Company
ROBERT C. TYSON, Vice Chairman, Finance Committee,
        United States Steel Corporation
GEORGE VAN GORDER, President,
        General Realty & Utilities Corp.
EDMUND F. WAGNER, President,
        McKesson & Robbins, Inc.
FRANCIS L. WHITMARSH, President, Francis H. Leggett & Co.

Digitized by the New York State Library from the Library's collections.

99 Church Street · New York 7, N. Y.

March 28, 1956

Hon. Averell Harriman
Governor of the State of New York
Executive Chamber                    <u>Re: Assembly Int. 2551, Pr. 4479</u>
Albany 1, New York

Dear Governor Harriman:

The Commerce and Industry Association supports the sub-
ject bill which was sponsored by the Department of Labor, was passed by the
Legislature, and is now before you for action.

Under Article 6 of the Labor Law, the Industrial Com-
missioner is empowered to act on behalf of aggrieved employees in seeking
to recover back-wage claims, through the courts or otherwise. However,
"employee" is defined in the Labor Law to include only mechanics, working-
men and laborers; and this has been construed to exclude office workers.
Consequently, white-collar employees with legitimate back-wage claims
frequently have no effective way of recovering what is due them.

Thus, under the present law, if a recalcitrant employer
fails to pay wages due to those in his employ, the Labor Department can act
on behalf of his factory workers but must ignore the identical complaints of
his office employees. White-collar workers are left to their own devices in
pursuing back-wage claims. This often means that as a practical matter they
have no real remedy at all.

Assembly Int. 2551 would remove the gross inequity in
the present law. We hope for these reasons you will approve the subject
proposal.

Sincerely yours,


Thomas Jefferson Miley
Executive Vice President

TJM:cw

c. c.    Hon. Daniel Gutman, Counsel to the Governor
         Hon. Isador Lubin, Industrial Commissioner of New York State
         Mr. Charles A. Pearce, Director, Division of Research & Statistics


**11**

Digitized by the New York State Library from the Library's collections.



STATE OF NEW YORK

# DEPARTMENT OF LAW

ALBANY

JACOB K. JAVITS
ATTORNEY GENERAL

JAMES O. MOORE, JR.
SOLICITOR GENERAL

March 28, 1956

MEMORANDUM TO THE GOVERNOR:

Re:  Assembly Int. 2551, Pr. 2703, 4479

This bill amends the Labor Law by adding a new section, to be known as § 196-c.

This bill brings within the provisions of the Labor Law, as they relate to the requirement for payment of wages and salaries, persons other than mechanics, workingmen, laborers and commission salesmen.  It provides that all other persons employed by an employer shall be paid their wages and salary in accordance with the agreed terms of employment.  This would include such persons as clerical help and salespeople who, under the present statute, do not fall within the categories of mechanics, workingmen, laborers or commission salesmen, who are now covered by the statute.  Under the bill, the wages or salaries paid to these persons, however, are not deemed "wages" under § 195 of the Labor Law, which requires payment of wages in cash or check under certain circumstances, or under the provisions of § 196 and 196-a, which set forth the time when salaries and wages are to be paid.  The bill also exempts from its provisions any person employed in a bona fide executive, administrative or professional capacity, whose earnings are in excess of $100 a week.

If this bill is approved, an employer of persons covered by it, who does not pay the wages and salary earned in accordance with the terms of employment, may be prosecuted under § 1272 of the Penal Law.  At the present time there is no statutory provision for the prosecution of an employer who fails to pay wages or salaries to such persons.

This is a Labor Department bill and no legal objection appears to the approval of it.

Respectfully yours,

JAMES O. MOORE, JR.
Solicitor General

12

Digitized by the New York State Library from the Library's collections.

SAMUEL D. LEIDESDORF, Chairman of the Board
WILLIAM L. KLEITZ, Vice President
EDWARD STALEY, Vice President
EDMUND F. WAGNER, Vice President

THOMAS JEFFERSON MILEY,
Executive Vice President
JOSEPH A. SINCLAIR, Secretary

# COMMERCE AND INDUSTRY ASSOCIATION OF NEW YORK
## INCORPORATED

99 CHURCH STREET   •   NEW YORK 7, N. Y.

Cable Address COMINDASSN   •   Telephone Rector 2-5200

March 28, 1956

Hon. Averell Harriman
Governor of the State of New York
Executive Chamber
Albany 1, New York

Re: Assembly Int. 2551, Pr. 4479

Dear Governor Harriman:

The Commerce and Industry Association supports the subject bill which was sponsored by the Department of Labor, was passed by the Legislature, and is now before you for action.

Under Article 6 of the Labor Law, the Industrial Commissioner is empowered to act on behalf of aggrieved employees in seeking to recover back-wage claims, through the courts or otherwise. However, "employee" is defined in the Labor Law to include only mechanics, workingmen and laborers; and this has been construed to exclude office workers. Consequently, white-collar employees with legitimate back-wage claims frequently have no effective way of recovering what is due them.

Thus, under the present law, if a recalcitrant employer fails to pay wages due to those in his employ, the Labor Department can act on behalf of his factory workers but must ignore the identical complaints of his office employees. White-collar workers are left to their own devices in pursuing back-wage claims. This often means that as a practical matter they have no real remedy at all.

Assembly Int. 2551 would remove the gross inequity in the present law. We hope for these reasons you will approve the subject proposal.

Sincerely yours,

Thomas Jefferson Miley
Executive Vice President

TJM:cw

13

━━━━━━━━━ BOARD OF DIRECTORS ━━━━━━━━━

JOHN ADIKES, President, Jamaica Savings Bank
MARION W. BOYER, Director,
    Standard Oil Company (New Jersey)
HERBERT L. CARPENTER, President, Carpenter Container Corp.
GEORGE E. CLEARY, Cleary, Gottlieb, Friendly & Hamilton
CLEMENT V. CONOLE, Chairman of Board,
    American Management Company
THOMAS J. DEEGAN, Jr., Vice President,
    New York Central System
PERCY J. EBBOTT, Vice Chairman of Board,
    The Chase Manhattan Bank
JAMES HILL, Jr., Chairman of Board, Sterling Drug Inc.
JOHN A. HILL, President, Air Reduction Co., Inc.
JAMES F. HOGE, Rogers, Hoge & Hills

THOMAS S. HOLDEN, Vice-Chairman of Board,
    F. W. Dodge Corporation
MARTENS H. ISENBERG, President,
    Combustion Engineering, Inc.
WILLIAM L. KLEITZ, President,
    Guaranty Trust Company of New York
SAMUEL D. LEIDESDORF, S. D. Leidesdorf & Company
GERALD LeVINO, President, Guiterman Company, Inc.
KEITH S. McHUGH, President, New York Telephone Company
CLARENCE J. MYERS, President,
    New York Life Insurance Company
J. WILSON NEWMAN, President, Dun & Bradstreet, Inc.
GEORGE O. NODYNE, President, East River Savings Bank

L. A. PETERSEN, President, Otis Elevator Company
HUDSON R. SEARING, Chairman of Board,
    Consolidated Edison Company of New York, Inc.
EDWARD STALEY, President, W. T. Grant Company
LAURENCE ARNOLD TANZER, Tanzer & Mullaney
H. C. TURNER, Jr., President, Turner Construction Company
ROBERT C. TYSON, Vice Chairman, Finance Committee,
    United States Steel Corporation
GEORGE VAN GORDER, President,
    McKesson & Robbins, Inc.
EDMUND F. WAGNER, President,
    General Realty & Utilities Corp.
FRANCIS L. WHITMARSH, President, Francis H. Leggett & Co.

Digitized by the New York State Library from the Library's collections.

EXECU        MBER

MAR 29 5 12 PM 1956

STATE OF NEW YORK

**14**

Digitized by the New York State Library from the Library's collections.

STATE OF NEW YORK
DEPARTMENT OF COMMERCE
ALBANY

EDWARD T. DICKINSON
COMMISSIONER

March 28, 1956

The Honorable Averell Harriman
Governor of the State of New York
Executive Chamber
State Capitol
Albany, New York

        Attention:  Hon. Daniel Gutman
                    Counsel to the Governor

        Re:  Assembly Introductory No. 2551
                            Print Nos. 2703, 4479

AN ACT

To amend the labor law, in relation to the payment of wages
      and salaries

Dear Averell:

        I recommend that this bill be approved.

        The Department of Labor contends that it lacks
authority under Section 199 of the Labor Law to initiate
proceedings to collect unpaid wages for clerical and other
nonmanual workers and cites the definition of an employee
as a "mechanic, workingman or laborer working for another
for hire".

        This bill, sponsored by that Department, adds
a new section to specifically grant such authority to the
Industrial Commissioner.  The bill does not affect exist-
ing wage plans under which office workers are paid on a
monthly or semi-monthly basis and exempts those in an
administrative or professional capacity earning over $100
per week.

## 15

Digitized by the New York State Library from the Library's collections.

The Honorable Averell Harriman    - 2 -   March 28, 1956

        Some opposition exists among employer groups
who maintain that the Commissioner in fact does possess such
authority under the Labor Law.  However, I am confident
that these groups do not fundamentally object to the same
protection for their nonmanual employees as is presently
enjoyed by the manual workers.

                        Sincerely,

16

Digitized by the New York State Library from the Library's collections.



WORKMEN'S COMPENSATION BOARD
STATE OF NEW YORK
80 CENTRE STREET
NEW YORK 13, N.Y.

ANGELA R. PARISI
CHAIRMAN

APR -3 P.M.

April 2, 1956

Hon. Daniel Gutman
Counsel to the Governor
Executive Chamber
Albany, New York

Re: Assembly Print 4479
Intro. 2551

Dear Judge Gutman:

This bill would add a new Sec. 196-c to the Labor Law and would bring white collar workers under the wage provisions of this Law. The bill was introduced on recommendation of the New York State Department of Labor.

The Labor Law requires the prompt payment of wages to "employees", and "employee" is now defined as a "mechanic, workingman or laborer working for another for hire". The effect of this restricted definition is that office workers, such as typists, clerks, and other non-manual employees are not covered by the Labor Law provisions for the prompt payment of wages.

The subject bill would permit the Department of Labor to assist the above, now excluded employees in the collection of their unpaid wages in the same manner that the Department now assists manual workers with their wage claims. The bill does not contain any specific time within which wages of white collar workers must be paid and hence would not affect semi-monthly or monthly wage plans. The bill would require an employer to "pay to each individual in his employ the wages and salary earned in accordance with the agreed terms of employment." Executives earning over $100. a week are specifically exempted from the provisions of the bill.

The bill does not directly affect the administration of the Workmen's Compensation Law. However, its enactment would provide a needed remedy for an inequitable working condition and the Workmen's Compensation Board therefore has no objection to its enactment.

Very truly yours,

Angela R. Parisi

Angela R. Parisi
Chairman

17

Digitized by the New York State Library from the Library's collections.

30 LODGE STREET, ALBANY 7, NEW YORK   •   TELEPHONE 5-3547

# Associated Industries of New York State, Inc.

April 2, 1956

FOUNDED IN 1914

Hon. Daniel Gutman
Counsel to the Governor
Executive Chamber
State Capitol
Albany, New York

Dear Mr. Gutman:

Re: Assembly Int. 2551, Pr. 4479 (Ostrander)

In response to your request, this will advise that
we have no particular comments or recommendations con-
cerning  the above-captioned bill.

Alfred J. Worsdell, Jr.
Executive Assistant
to the President

AJW:ds

Enclosure

18

Digitized by the New York State Library from the Library's collections.



STATE OF NEW YORK
# DEPARTMENT OF LABOR
ALBANY

NEW YORK OFFICE.   80 CENTRE STREET

ISADOR LUBIN
INDUSTRIAL COMMISSIONER

NEW YORK 13, N.Y. April 5, 1956

Honorable Daniel Gutman
Counsel to the Governor
Executive Chambers
State Capitol
Albany, New York

Dear Judge Gutman:

  I am enclosing statement with reference to
Assembly Bill Int. No. 2551, Print No. 4479, by
Mr. Ostrander, to amend the labor law, in relation
to the payment of wages and salaries.

Very truly yours,

Isador Lubin
Industrial Commissioner

IL:AL
encl.

**19**

Digitized by the New York State Library from the Library's collections.

EVE᠁
᠁ER

APR 6  4 ∞ PM 1956

STATE OF NEW YORK

20

MEMORANDUM TO HON. DANIEL GUTMAN
COUNSEL TO THE GOVERNOR

---

Re:  Assembly Bill Int. 2551, Print No. 4479,
by Mr. Ostrander.  To amend the labor law, in
relation to the payment of wages and salaries.

---

APPROVAL RECOMMENDED

   This bill is sponsored by the Department of Labor.
It is designed to permit the Department to assist typists, stenographers,
clerks, and other office workers in the collection of their unpaid wages
in the same manner that the Department now assists manual workers in their
wage claims.

   Under present law, the Department of Labor's authoriza-
tion to assist in the collection of unpaid wages is limited to "employees"
within the meaning of the Labor Law, that is, to mechanics, laborers or
workingmen.  This bill would extend the Department's authority to wage
claims of all employed individuals.  The measure does not contain any
provision relating to how often wages and salaries of office workers must
be paid, except that they must be paid in accordance with the agreed terms
of employment.  Thus, the bill would in no way upset existing wage plans
under which office workers are paid on a semi-monthly or monthly basis.  In
addition, the bill exempts from its provisions persons employed in a bona fide
executive, administrative or professional capacity whose earnings are in excess
of $100 a week.

   The enforcement of wage payment provisions in the Labor Law
is one of the functions of the Department's Division of Industrial Relations,
Women in Industry and Minimum Wage.  It is regrettable that the Legislature
did not approve the Governor's request for additional investigators for the
Division.

## 21

Digitized by the New York State Library from the Library's collections.

- 2 -

      This bill marks an important advance in the modernization of archaic concepts in the Labor Law.  There is no justification for denying office workers the same protection afforded manual workers.

      I respectfully request that this bill be approved.

Isador Lubin
Industrial Commissioner

Dated:  April 5, 1956

22

Digitized by the New York State Library from the Library's collections.

# AN ACT

to amend the labor law, in
relation to the payment of
wages and salaries

**23**

Digitized by the New York State Library from the Library's collections.

AN ACT to amend the labor law, in
relation to the payment of wages
and salaries

The People of the State of New York,
represented in Senate and Assembly,
do enact as follows:

Section 1. The labor law is hereby amended by inserting therein
a new section, to be section one hundred ninety-six-c, to read as follows:

§ 196-c. Payment of wages and salaries of other persons employed.
Every employer carrying on a business by lease or otherwise shall pay to each
individual in his employ the wages and salary earned in accordance with the
agreed terms of employment.

The term "employer" as used in this section shall include any person,
co-partnership, corporation, or joint stock association employing any individual
in any occupation, industry, trade, business, or service.

The wages and salary described in this section shall be deemed to be
wages of employees within the meaning of this article, except for the purposes
of section one hundred ninety-five.

This section shall not apply to any person employed in a bona fide
executive, administrative, or professional capacity whose earnings are in
excess of one hundred dollars a week.

Nothing in this section shall be construed to avoid the requirement
for complying with the provisions of sections one hundred ninety-six and one
hundred ninety-six-a, or with the provisions of article nineteen of this chapter.

§ 2. This act shall take effect immediately.

24

Digitized by the New York State Library from the Library's collections.