RECALLED

MAR 24 1966

RECALLED JUN 6 - 1966

CHAPTER *989*

Print ~~1052~~ 5414          Intro. 1607

# IN SENATE

### February 1, 1966

---

Introduced by Mr. LAVERNE—read twice and ordered printed, and when printed to be committed to the Committee on Labor and Industry

# AN ACT

### To amend the labor law and the penal law, in relation to payment of wages

Notes

Compared by

Approved   NEW YORK STATE

APPROVED AUG 3 - 1966

MICROFILMED

Date........3/15/n.............. 2
No. of printed bills ............
No. of expo-ures ................. 31
exclusive of bills .................

Digitized by the New York State Library from the Library's collections.

**State of New York**

## In Senate

*March 23,* 19 66

By Mr. LAVERNE _____:

Resolved (if the Assembly concur) that a respectful message be sent to the Governor requesting the return to the Senate of the Senate bill (Pr. No. *1652* , Int. No. *1607* ) entitled "

### IN SENATE

Print 1652          Intro. 1607

Mr. LAVERNE

An act to amend the labor law and the penal law, in relation to payment of wages

" for the purpose of amendment.

By order of the Senate,

_Albert J. Abrams_

Secretary.

## In Assembly

MAR 23 1966 _____ 19 _____

Concurred in without amendments.

By order of the Assembly,

_John F. McKennan_

Clerk.

Form No. 31
1-3-63

Digitized by the New York State Library from the Library's collections.

# In Senate

MAY 3 - 1966 ... 195....

Pursuant to concurrent resolution of the Senate and Assembly, the Governor returned the Senate bill (Pr. No. ...1652.., Int. No. ....1607.) entitled "

**An act to amend the labor law and the penal law, in relation to payment of wages**

"

The vote upon the final passage of the same was reconsidered.

On motion of Mr. ...Laverne........................... and by unanimous consent, the same was amended as follows: "

```
AMENDMENT
Senate Intro. 1607, Print 1652, by Mr. Laverne - An Act to amend the
labor law and the penal law, in relation to payment of wages.
Amend bill as follows
Page 1, line 6  -  after "than" insert in italics:
                   a non-profitmaking organization or an employer
Page 1, line 6  -  delete "one"
Page 1, between lines 9 and 10 insert the following in italics:
                   Every non-profitmaking organization shall pay to each employee
                   his wages earned in accordance with the agreed terms of
                   employment, but not less frequently than semi-monthly. As
                   used in this section, a non-profitmaking organization means
                   any corporation, unincorporated association, community chest,
                   fund or foundation organized and operated exclusively for
                   religious, charitable or educational purposes, no part of
                   the net earnings of which inures to the benefit of any
                   private shar.holder or individual.
Page 2, line 9  -  change "joint-stock" to:  joint stock
Page 2, line 20 -  delete "wokman" and substitute therefor:  workman
Page 2, line 21 -  delete "proisions" and substitute therefor:  provision
Page 3, line 16 -  delete comma after "thereof"
```

Said bill as amended becoming Senate Reprint No. ....5414..........., was reprinted, re-engrossed and, having been on the desks of the members in its final form at least three calendar legislative days, was passed and ordered sent to the Assembly for concurrence.

By order of the Senate,

Albert J. Abrams

Secretary.

# State of New York

## In Senate

JUN 6 1966

...........................................................19........

By Mr. **LAVERNE** ..................................................................................:

Resolved (if the Assembly concur) that a respectful message be sent to the Governor requesting

the return to the Senate of the Senate bill (Pr. No. _5414_ , Int. No. _1607_ ) en-

titled "

### IN SENATE

3d Rdg. 174          Print 1652, 5414          Intro. 1607

Mr. LAVERNE

**An act to amend the labor law and the penal law, in relation to pay-
ment of wages**

" for the purpose of amendment.

By order of the Senate,

_Albert J. Abrams_
Secretary.

## In Assembly

JUN 6 1966

.......................................................................19........

Concurred in without amendments.

By order of the Assembly,

_John T. McKennon_
Clerk.

Digitized by the New York State Library from the Library's collections.

4-5-39-1906 (11-162)



# State of New York

## Executive Chamber

Albany  JUN 6 - 1966

## To the Senate:

Pursuant to concurrent resolution of the Senate and Assembly, herewith is returned for amendment Senate Bill, Introductory Number 1607 ,

Printed Number 5414 ,

Entitled "An Act

```
to amend the labor law and the penal law, in relation to payment
of wages"
```

Counsel to the Governor

Digitized by the New York State Library from the Library's collections.

# State of New York

## In Senate

JUL 1 - 1966 ......195......

By Mr. LAVERNE ............................................................:

Resolved (if the Assembly concur) that Senate bill (Pr. No. 5414, Int. No. 1607)

entitled "

### IN SENATE

3d Rdg. 174          Print 1652, 5414          Intro. 1607

Mr. LAVERNE

An act to amend the labor law and the penal law, in relation to payment of wages

" be returned to the Governor.

By order of the Senate,

*Albert J. Abrams*

Secretary.

## In Assembly

JUL 1  1966 ......195......

PRINT NO. *1/652*     INTRO. NO. *8/601*

*3/16/66*

| Department & Agencies | Legal Groups |
|---|---|
| ✓ Lt. Governor | ___ Judicial Conf |
| ✓ Attorney General | ___ Law Revision Comm. |
| ___ Budget | ✓ Assoc. of the Bar, NYC |
| ✓ Comptroller | ___ N.Y. Co. Lawyers |
|  | ___ N.Y. State Bar |
|  | ___ Nassau County Bar |
| ___ Ag. & Markets | ___ N.Y. Crim. Cts. Assoc. |
| ___ Banking | ___ D. A. Assoc. |
| ___ Civil Service | ___ Magistrates Assoc. |
| ___ Commerce | ___ Co. Judges Assoc. |
| ___ Conservation | ___ Surrogates Assoc. |
| ___ Correction |  |
| ___ Education |  |
| ___ Health |  |
| ___ Insurance | **Municipal Officials & Groups** |
| ___ Labor |  |
| ___ Mental Hygiene | ✓ Mayor of *NYC* |
| ___ Motor Vehicles |  |
| ___ Public Service Comm. |  |
| ___ Public Works | ___ Co. Bd. of Supervisors |
| ___ Social Welfare |  |
| ___ State |  |
| ___ Tax & Finance |  |
| ___ Atomic Energy | ___ Town Supervisor of ___ |
| ___ Civil Defense |  |
| ___ General Services |  |
| ___ Housing |  |
| ___ Investigation |  |
| ___ Liquor Auth. |  |
| ___ Local Gov't | ___ Co. Atty. of ___ |
| ___ Mil.& Naval Aff. |  |
| ___ Parole |  |
| ___ Regional Development | ___ Conf. of Mayors |
| ___ State Rent Comm. | ___ County Officers' Assoc. |
| ___ St. Comm. For Human Rights | ___ Association of Towns |
| ___ St. Police |  |
| ___ State Univ. |  |
| ___ Transportation |  |
| ___ Veterans Aff. |  |
| ___ Youth Div. |  |
| ___ Advisory Council on |  |
| ___ Joint Legis. Comm. on |  |
| ___ Temporary State Comm. on |  |

PRINT NO. _____   INTRO. NO. _____

5/3/66

Department & Agencies | Legal Groups
--- | ---
___ Lt. Governor | ___ Judicial Conf
___ Attorney General | ___ Law Revision Comm.
___ Dist. | ✓ Assoc. of Bar, NYC
___ Comptroller | ✓ N.Y. Co. Lawyers
 | ___ N.Y. State Bar
 | ___ Nassau County Bar
___ Ag. & Markets | ___ N.Y. Crim. Cts. Assoc.
___ Banking | ___ D. A. Assoc.
___ Civil Service | ___ Magistrates Assoc.
___ Commerce | ___ Co. Judges Assoc.
___ Conservation | ___ Surrogates A soc.
___ Correction | 
___ Education | 
___ Health | 
___ Insurance | **Municipal Officials & Groups**
✓ Labor | 
___ Mental Hygiene | ___ Mayor of _____
___ Motor Vehicles | 
___ Public Service Comm. | 
___ Public Works | ___ Co. Bd. of Supervisors
___ Social Welfare | 
___ State | 
___ Tax & Finance | 
___ Atomic Energy | ___ Town Supervisor of ___
___ Civil Defense | 
___ General Services | 
___ Housing | 
___ Investigation | 
___ Liquor Auth. | 
___ Local Gov't | ___ Co. Atty. of _____
___ Mil.& Naval Aff. | 
___ Parole | 
___ Regional Development | ___ Conf. of Mayors
___ State Rent Comm. | ___ County Officers' Assoc.
___ St. Comm. For Human Rights | ___ Association of Towns
___ St. Police | 
___ State Univ. | _AFL - C IO_ ✓
___ Transportation | _Ass. Indus._
___ Veterans Aff. | _Commer. + Indus_
___ Youth Div. | _Empire State Coll._
 | _Fed of Jewish Philanthropies_
___ Advisory Council on | _Amer Red Cross_
 | _Comm. Serv. Soc._
___ Joint Legis. Comm. on | _Catholic Charities_
 | _Jewish Social serv_
___ Temporary State Comm. on | _Catholic Welfare Comm_



S 1607

**THE SENATE**
**STATE OF NEW YORK**
**ALBANY**

THOMAS LAVERNE
57TH DISTRICT
CHAIRMAN
COMMITTEE ON LABOR
AND INDUSTRY

March 17th, 1966

Hon. Robert R. Douglass
Executive Chamber
The Capitol

Re:  Senate Intro. 1607 - Print 1652

Dear Sir:

As requested, I am enclosing Memorandum in support
of the above legislation.

Your favorable consideration is respectfully
requested.

Sincerely,

Thomas Laverne.

TJ:acs
Encls.

Digitized by the New York State Library from the Library's collections.

MEMORANDUM

RE

AN ACT to amend the labor law and the
penal law, in relation to payment
of wages

<u>Purpose of bill</u>:

To extend wage payment protection to domestic workers and to employees of
non-profit organizations.

<u>Summary of provisions of bill</u>:

The bill amends subd. 2 of Section 196 of the Labor Law to delete the phrase
"carrying on a business by lease or otherwise." The same phrase is also
deleted from Sections 196-c and 198 of the Labor Law, and from Section 1272
of the Penal Law. Subdivision 2 of Section 196 requires the prompt payment
of wages to manual workers. Section 196-c applies to wage payments of
office workers. Section 198 provides a civil penalty, and Section 1272
of the Penal Law provides the penal penalty for failure to pay wages.

<u>Statements in support of bill</u>:

One of the major functions of the Labor Department is the assistance it pro-
vides to employees in collecting unpaid wages due them. In 1964, for example,
the Department collected nearly half a million dollars for over 7,000 workers.
There remain, however, two large groups of employees whose claims cannot be
processed by the Department under the law as it is presently written -- per-
sons employed as domestics, and employees in non-profitmaking institutions.

In connection with its administration of the Employment Agency Law, the
Department has noted the importance of extending coverage to domestic workers.
Such persons are generally in low-wage groups and are often ignorant of their
legal rights and the remedies available to them. The fact that the Depart-
ment receives approximately 2,000 inquiries a year from domestic workers
who have not received their wages, indicates the need to extend coverage
to them. It should be noted that legislation has already been enacted
in connection with coverage of domestic employees under the Workmen's Com-
pensation Law, Disability Benefits Law and Unemployment Insurance Law. This
bill would, therefore, constitute a logical extension of the State's con-
cern for these employees.

The bill is not designed to enable the Industrial Commissioner to invade
the privacy of private homes and inspect for wage violations. It is intended
only to permit the Industrial Commissioner to assist domestic workers when
they file complaints with the Department of Labor that they have not
received their wages.

The trend noted above in connection with domestic employees is even more
noticeable in the case of persons employed by non-profitmaking institutions.
In addition to coverage under the Workmen's Compensation Law, Disability
Benefits Law and Unemployment Insurance Law (subject to Federal approval),
such persons are already covered under the State Minimum Wage Act. There is
little, if any justification for a rule that permits a person to file a
claim if he is not paid the minimum wage, but withholds State assistance
from him if his earnings exceed that amount.

Digitized by the New York State Library from the Library's collections.



S 1607

**THE SENATE**
**STATE OF NEW YORK**
**ALBANY**

THOMAS LAVERNE
57TH DISTRICT
CHAIRMAN
COMMITTEE ON LABOR
AND INDUSTRY

May 11th, 1966

Hon. Robert F. Douglass
Executive Chamber
The Capitol

Re:  Senate Intro. 1607, Print 5414

Dear Sir:

As requested, I am enclosing Memorandum in support
of the above legislation.

Your favorable consideration is respectfully
requested.

Sincerely,

Thomas Laverne.

TL:acs
Encls.

Digitized by the New York State Library from the Library's collections.

Case 2:21-cv-02427-TLP-cgc   Document 16-6   Filed 08/17/21   Page 12 of 32   PageID 105

AN ACT to amend the labor law and the
penal law, in relation to payment
of wages

The People of the State of New York,
represented in Senate and Assembly,
do enact as follows:

Section 1.  Subdivision two of section one hundred ninety six of the labor law, as last amended by chapter six hundred fifty of the laws of nineteen hundred sixty-two, is hereby amended to read as follows:

2. Every [person carrying on a business b lease or otherwise,] employer other than one operating a steam surface railroad or engaged in the sleeping car business, shall pay weekly to each employee the wages earned to a day not more than seven days prior to the date of such payment.

§ 2.  Section one hundred ninety-six-c of such law, as added by chapter five hundred thirty-nine of the laws of nineteen hundred fifty-six, is hereby amended to read as follows:

§ 196-c.  Payment of wages and salaries of other persons employed. Every employer [carrying on a business by lease or otherwise] shall pay to each individual in his employ the wages and salary earned in accordance with the agreed terms of employment.

The term "employer" as used in this section shall include any person, co-partnership, corporation, or joint-stock association employing any individual in any occupation, industry, trade, business, or service.

The wages and salary described in this section shall be deemed to be wages of employees within the meaning of this article, except for the purposes of sections one hundred ninety-five, one hundred ninety-six and one hundred ninety-six-a.

This section shall not apply to any person employed in a bona fide executive, administrative, or professional capacity whose earnings are in excess of one hundred dollars a week.

Nothing in this section shall be construed to avoid the requirements for the payment of wages to a workman, laborer or mechanic in accordance with the provisions of section one hundred ninety-six, nor with the provisions of section one hundred ninety-six-a, or with the provisions of article nineteen of this chapter.

4

Digitized by the New York State Library from the Library's collections.

1/4/66

Senate Intro. 1607
Print 5414

DEPARTMENTAL
BILL 107

AN ACT to amend the labor law and the
penal law, in relation to payment
of wages

The People of the State of New York,
represented in Senate and Assembly,
do enact as follows:

Section 1.  Subdivision two of section one hundred ninety six of the labor law, as last amended by chapter six hundred fifty of the laws of nineteen hundred sixty-two, is hereby amended to read as follows:

2. Every [person carrying on a business by lease or otherwise,] employer other than one operating a steam surface railroad or engaged in the sleeping car business, shall pay weekly to each employee the wages earned to a day not more than seven days prior to the date of such payment.

§ 2.  Section one hundred ninety-six-c of such law, as added by chapter five hundred thirty-nine of the laws of nineteen hundred fifty-six, is hereby amended to read as follows:

§ 196-c.  Payment of wages and salaries of other persons employed. Every employer [carrying on a business by lease or otherwise] shall pay to each individual in his employ the wages and salary earned in accordance with the agreed terms of employment.

The term "employer" as used in this section shall include any person, co-partnership, corporation, or joint-stock association employing any individual in any occupation, industry, trade, business, or service.

The wages and salary described in this section shall be deemed to be wages of employees within the meaning of this article, except for the purposes of sections one hundred ninety-five, one hundred ninety-six and one hundred ninety-six-a.

This section shall not apply to any person employed in a bona fide executive, administrative, or professional capacity whose earnings are in excess of one hundred dollars a week.

Nothing in this section shall be construed to avoid the requirements for the payment of wages to a workman, laborer or mechanic in accordance with the provisions of section one hundred ninety-six, nor with the provisions of section one hundred ninety-six-a, or with the provisions of article nineteen of this chapter.

4

Digitized by the New York State Library from the Library's collections.



### STATE OF NEW YORK
### DEPARTMENT OF LABOR
#### STATE OFFICE BUILDING CAMPUS
#### ALBANY, N.Y. 12226

M. P. CATHERWOOD
INDUSTRIAL COMMISSIONER

July 11, 1966

Hon. Robert R. Douglass
Counsel to the Governor
Executive Chamber
State Capitol
Albany, New York

     RE: S.I. 1607, Pr. 5414, by Mr. Laverne
       An Act to amend the labor law and the
       penal law, in relation to payment of
       wages

Dear Bob:

   I recommend approval of this bill.

   This bill was sponsored by the Labor Department.  It extends wage
payment protection to domestic workers and to employees of nonprofit
organizations.  The bill was repassed by both Houses on May 4th and on
May 9, 1966 I sent you a memorandum recommending approval.  Subsequently
on May 26th the bill was sent to the Governor.  On June 6th it was re-
called from the Governor, and finally on July 5th it was again sent to
the Governor.

   The extension of the wage payment law to domestic workers and em-
ployees of nonprofit organizations also is contained in Chapter 548 of
the Laws of 1966.  However, the instant bill also inserts a conforming
amendment in Section 1272 of the Penal Law which prescribes the penalty
for failure to pay wages.  I, therefore, recommend approval of the above
bill.

         Sincerely,

         M. P. Catherwood
         Industrial Commissioner

Digitized by the New York State Library from the Library's collections.

OFFICE OF

## THE INDUSTRIAL COMMISSIONER

### ALBANY

DEPARTMENT OF LABOR

May 9, 1966

SENATE:          Int. 1607
                 Pr. 5414          Introduced by: Mr. Laverne

RECOMMENDATION:  Approval. The bill was sponsored by the Department of Labor.

STATUTES INVOLVED: Labor Law, Sections 196, 196-c and 198; Penal Law, Section 1272.

EFFECTIVE DATE:  October 1, 1966.

DISCUSSION:

1. Purpose of bill:

   To extend wage ̣ ̣ ̣ ̣protection to domestic workers and to employees of non-profit organizations.

2. Summary of provisions of bill:

   The bill amends subd. 2 of Section 196 of the Labor Law to delete the phrase "carrying on a business by lease or otherwise", which phrase now exempts non-business enterprises from the impact of the wage payment law. The same phrase is also deleted from Sections 196-c and 198 of the Labor Law, and from Section 1272 of the Penal Law. Subdivision 2 of Section 196 requires the prompt payment of wages to manual workers. Section 196-c applies to wage payments of office workers. Section 198 provides a civil penalty, and Section 1272 of the Penal Law provides the penal penalty for failure to pay wages.

   Subdivision 2 of Section 196 is also amended to require non-profitmaking employers to pay each of its manual workers in accordance with the agreed terms of employment.

3. Prior legislative history:

   None.

4. Known position of others regarding bill:

   The bill is approved by the State AFL-CIO. The opposition of some non-profitmaking organizations to an earlier print of this bill has been overcome by the amendment of that print which is reflected in the last sentence of #2 above.

5. Budget implications:

   Although the enactment of this bill would increase the workload of the Division of Labor Standards, the extent of such increase is unknown at present. Such increased workload would not reach its full impact during this fiscal year. Based upon the number of complaints which the Department of Labor now rejects for lack of jurisdiction but which it could process if this bill is enacted, the services of six investigators may be required for this function.

Digitized by the New York State Library from the Library's collections.

DEPARTMENT OF LABOR                                                    May 9, 1966

Int. 1607
                  Pr. 5414                      Introduced by: Mr. Laverne

6.  <u>Arguments in support of bill</u>:

One of the major functions of the Labor Department is the assistance it provides
to employees in collecting unpaid wages due them. In 1964, for example, the
Department collected nearly half a million dollars for over 7,000 workers. There
remain, however, two large groups of employees whose claims cannot be processed
by the Department under the law as it is presently written -- persons employed
as domestics, and employees in nonprofitmaking institutions.

In connection with its administration of the Employment Agency Law, the
Department has noted the importance of extending coverage to domestic workers.
Such persons are generally in low-wage groups and are often ignorant of their
legal rights and the remedies available to them. The fact that the Department
receives a considerable number of inquiries a year from domestic workers who
have not received their wages, indicates the need to extend coverage to them.
It should be noted that legislation has already been enacted in connection
with coverage of domestic employees under the Workmen's Compensation Law,
Disability Benefits Law and Unemployment Insurance Law. This bill would,
therefore, constitute a logical extension of the State's concern for these
employees.

The bill is not designed to enable the Industrial Commissioner to invade the
privacy of private homes and inspect for wage violations. It is intended only
to permit the Industrial Commissioner to assist domestic workers when they file
complaints with the Department of Labor that they have not received their wages.

The trend noted above in connection with domestic employees is even more notice-
able in the case of persons employed by nonprofitmaking institutions. In addi-
tion to coverage under the Workmen's Compensation Law, Disability Benefits Law
and Unemployment Insurance Law (subject to Federal approval), such persons are
already covered under the State Minimum Wage Act. There is little, if any,
justification for a rule that permits a person to file a claim if he is not
paid the minimum wage, but withholds State assistance from him if his earnings
exceed that amount.

7.  <u>Arguments in opposition to bill</u>:

The bill may be opposed on the ground that it permits investigators of the
Labor Department to enter private homes for the purpose of determining whether
the law has been violated. Some nonprofit organizations may contend that there is
no need for this bill.

8.  <u>Reasons for recommendation</u>:

This bill represents an important advance in New York State standards for the
protection of employees.

                                    M. P. Catherwood
                                    Industrial Commissioner

Digitized by the New York State Library from the Library's collections.

FORM B-201(a)  (9/61)                  BUDGET REPORT ON BILLS                    Session Year  1966

<u>SENATE</u>                          <u>Introduced by:</u>                    <u>ASSEMBLY</u>

Pr:   5414                                                          Pr:

Int:  1607                          Mr. Laverne                     Int:

Law:  Labor and Penal

Subject and Purpose (Brief Recapitulation):  To extend wage payment protection
to domestic workers and employees of nonprofit organizations, thereby
permitting the Department of Labor to aid these workers in collecting
unpaid wages.


Division of the Budget recommendation on the above bill:

Approve:  __X__   Veto: _____   No Objection: _____   No Recommendation: _____

This bill is <u>identical to</u> (  ) <u>very similar to</u> ( X )


_____ Department of Labor _____  No. ___12___  which
                      (department or agency)

was submitted as a departmental bill this year.  The points made in our earlier
analysis of the departmental bill are still valid and our recommendation is
unchanged.

(If the <u>very similar</u> category is checked, list below the changes contained in the
bill as passed and discuss them to the required extent.)

    This bill would permit nonprofit organizations to pay wages twice
a month; the departmental proposal would have required these wages to
be paid weekly.  This change does not seriously detract from the bill;
and we recommend that the bill be enacted.


Date: ___May 17, 1966_____    Examiner: _____

    JSL:fd                                      James S. Lawrence

Digitized by the New York State Library from the Library's collections.

THE ASSOCIATION OF THE BAR
OF THE CITY OF NEW YORK
42 WEST 44TH STREET
NEW YORK 10036

COMMITTEE ON STATE LEGISLATION

ALVIN H. SCHULMAN, CHAIRMAN
200 PARK AVENUE
NEW YORK 10017
TN 7-5500

LEONARD SCHAITMAN, SECRETARY
200 PARK AVENUE
NEW YORK 10017
TN 7-5500

March 25, 1966

Re: S. Int. 1607, Pr. 1652 - Approved

Dear Mr. Douglass:

        Answering your inquiry with respect to the above bill,
we wish to inform you that we approve the measure.

        The bill, to take effect October 1, 1966, and which was
prepared under the direction, and introduced at the request of,
the Department of Labor, would amend the following sections
of law relating to the period following the rendition of
services when wages must be paid to employees:  Labor Law
section 196, subdivision 2, section 196-c, section 198; Penal
Law section 1272.

        The sole effect of the bill would be to substitute
for the phrase "person carrying on a business by lease or
otherwise," upon whom the law imposes the duty of prompt
wage payment, the more general but accurate designation
"employer," thus eliminating an awkward and unintended pos-
sible restriction inherent in the present statute.

        We believe this corrective amendment to be desirable
and therefore approve the bill.

                                Sincerely,

                                Leonard Schaitman

                                Secretary

Hon. Robert R. Douglass
Executive Chamber
State Capitol
Albany, New York

        This letter was prepared by the Association's Committee
on Labor and Social Security Legislation.

Digitized by the New York State Library from the Library's collections.

THE ASSOCIATION OF THE BAR
OF THE CITY OF NEW YORK
42 WEST 44TH STREET
NEW YORK 10036

*S-1607*

COMMITTEE ON STATE LEGISLATION

ALVIN H. SCHULMAN, CHAIRMAN
200 PARK AVENUE
NEW YORK 10017
TN 7-8800

LEONARD SCHAITMAN, SECRETARY
200 PARK AVENUE
NEW YORK 10017
TN 7-8800

May 17, 1966

Re:  S. Int. 1607, Pr. 1652, 5414 - Approved

Dear Mr. Douglass:

Answering your inquiry with respect to the above bill, we wish to inform you that we approve the measure.

The bill, to take effect October 1, 1966, and which was prepared under the direction, and introduced at the request, of the New York State Department of Labor, would require non-profitmaking organizations to pay employees wages not less frequently than semi-monthly.  Up to this time, non-profitmaking organizations were held not to be employers under laws requiring timely payment of wages.  People v. Yoffe, 15 A.D. 2d 672 (2d Dept. 1962).

The bill would accomplish this purpose by striking the qualification "carrying on a business by lease or otherwise" in sections of the Labor Law (sections 196(2), 196-c, 198) and Penal Law (section 1272) relating to employer payment of wages. The new wage payment requirements for non-profitmaking organizations are found in a proposed amendment to section 196(2) of the Labor Law, which also defines the term "non-profitmaking organization".

We believe that the bill is properly drafted to accomplish its intended purpose, and approve the proposed change.

Sincerely,

Chairman

Hon. Robert R. Douglass
Executive Chamber
State Capitol
Albany, New York 12224

This letter was prepared by the Association's Committee on Labor and Social Security Legislation.

Digitized by the New York State Library from the Library's collections.

# NEW YORK LIBRARY ASSOCIATION

P.O. BOX 521  ✦  WOODSIDE, NEW YORK 11377

LEGISLATIVE COMMITTEE

TEL. 672-9880

**FOUNDED 1890**

March 23, 1966

Mr. Robert R. Douglas
Office of the Governor
Capitol
Albany, N.Y.

Dear Mr. Douglas:

At the suggestion of Mr. Hassi, I am writing in behalf of the
New York Library Association to voice our objection to SI 1607 SP 1652
(La Verne) now before the Governor for approval.

This bill would remove the phrase "every person carrying on a
business by lease or otherwise" from the Labor Law's current definition
of the word "employer", thus making it mandatory for all employers to
pay weekly the wages of employees whose whose work is predominantly
physical or mechanical in nature. Since the amendment includes corp-
orations within the meaning of employers, this would affect pages, book-
mobile drivers, custodians, and messengers employed by over 700 libraries
in this State, because in 1961 Opinion Attorney General 105 (Informal),
it was stated: "A library chartered by the Board of Regents is not a
municipality nor a civil nor a political subdivision of the State. It
is a corporation." This would place an undue burden on such institutions,
increase their costs, require strengthening of cash reserves in many
instances with consequent loss of investment income, and compound book-
keeping operations. The New York Public Library alone would be required
to change its method of payment of wages to at least 600 employees, and
many smaller operations which are presently exempted and which pay month-
ly wages would be seriously inconvenienced.

Digitized by the New York State Library from the Library's collections.



# NEW YORK LIBRARY ASSOCIATION

**P.O. BOX 521 ▪ WOODSIDE, NEW YORK 11377**

LEGISLATIVE COMMITTEE

**TEL. 672-9880**

**FOUNDED 1890**

Mr. Robert R. Douglas - page 2

We also wonder whether this proposed amendment is not so broad in scope as to possibly include employees of hospitals, universities and colleges, and perhaps even governmental agencies.

We respectfully urge that the Governor veto SI 1607 SP 1652 on the grounds that the proposed amendment is so broad in scope as to include organizations which, unlike private contractors, small businesses and those which employ day laborers or domestics, or migrant workers, have already and will continue to pay their employees on a regular basis.

Sincerely yours,

Joseph Eisner
Chairman

Please address replies to:

999 Old Country Road
Plainview, N.Y. 11803

Digitized by the New York State Library from the Library's collections.

THE NEW YORK BOTANICAL GARDEN

BRONX · NEW YORK 10158        LU 1-8500

April 12, 1966

Robert R. Douglass, Esq.
Counsel to the Governor
The State of New York
Executive Chambers
Albany, New York 12224

Dear Sir:

I am writing officially on behalf of The New York Botanical Garden
to express my objections to a proposed bill before the Senate of
the State Legislature (Print 1552; Intro. 1607) that would enforce
weekly payment of wages, the provisions of which would apply to
private non-profit organizations such as this one. The weekly
payrolls for virtually all of our people on the wage basis are
written by the City of New York on a bi-weekly basis, and I doubt
very much if we could induce the City to find a way out of this
conflict with its basic policy. Moreover, an interesting item
is that the union to which our wage-based people belong has ex-
pressed its preference for bi-weekly payments, both over weekly
or twice a month payments. Those of our wage-based employees
paid from private funds on a bi-weekly basis would gain very
little from being paid each week, and it would double our own
payroll costs.

Frankly, although I can see the advantage of weekly payrolls for
transient or short-term workers, I can see no benefit at all for
those who have security in their positions and have been quite
content for many years with the present situation, even with
articulate union spokesmen.

We respectfully request that you make every effort to have the
bill mentioned above modified so that it excludes private non-
profit organizations such as this one, since if we were required
to adhere to the provisions of the proposed bill, disadvantages
would far outweigh benefits.

Sincerely yours,

William C. Steere
Director

WCS/gd

13

CABLE · NYBOTGARD · NEWYORK

Digitized by the New York State Library from the Library's collections.

GEORGE O. NODYNE, *President*
RICHARD K. PAYNTER, JR., *Vice President*
ROBERT C. TYSON, *Vice President*
J. HUBER WETENHALL, *Vice President*
DALE E. SHARP, *Treasurer*

RALPH C. GROSS
*Executive Vice President*
ARNOLD WITTE,
*General Manager
and Secretary*



# COMMERCE AND INDUSTRY ASSOCIATION OF NEW YORK

### INCORPORATED

### 99 CHURCH STREET • NEW YORK, N. Y. 10007

*Cable Address* COMINDASSN • *Telephone* Rector 2-5200

March 23, 1966

$ 1607

Hon. Robert R. Douglass
Counsel to the Governor
Executive Chamber
State Capitol
Albany, New York  12224

Re: S. Intro. 1607 - Print 1652
Laverne
NO POSITION

Dear Mr. Douglass:

    The Commerce and Industry Association has no position with respect to subject bill which would amend the labor law so as to extend the obligation to pay wages and salaries at reasonable intervals to all employers.

Cordially,

Arnold Witte
General Manager

AW:jc

────── BOARD OF DIRECTORS ──────

HAROLD L. BACHE, Chairman of Board, Bache & Co., Inc.

EDGAR M. BRONFMAN, President,
  Joseph E. Seagram & Sons, Inc.

GEORGE CHAMPION, Chairman of Board,
  The Chase Manhattan Bank

ROBERT L. CLARKSON, Jr., President,
  Smith, Kirkpatrick & Co., Inc.

GEORGE E. CLEARY, Cleary, Gottlieb, Steen & Hamilton

RICHARD C. DOANE, Chairman of Board,
  International Paper Company

H. G. EBBON, Chairman of Board,
  Combustion Engineering, Inc.

CHARLES E. EBLE, Chairman of Board,
  Consolidated Edison Company of New York, Inc.

GILBERT W. FITZHUGH, President,
  Metropolitan Life Insurance Company

HAROLD E. GRAY, President,
  Pan American World Airways, Inc.

WILLARD G. HAMPTON, Executive Vice President,
  New York Telephone Company

J. MARK HIEBERT, Chairman of Board,
  Sterling Drug Inc.

JAMES F. HOGE, Rogers, Hoge & Hills

SAMUEL D. LEIDESDORF (Honorary)
  S. D. Leidesdorf & Company

BARRY T. LEITHEAD, President,
  Cluett, Peabody & Co., Inc.

JOSEPH A. MARTINO, Chairman of Board,
  National Lead Company

GEORGE O. NODYNE, President, East River Savings Bank

HERMAN C. NOLEN, Chairman of Board,
  McKesson & Robbins, Inc.

ROBERT G. PAGE, President, Phelps Dodge Corporation

RICHARD K. PAYNTER, Jr., Chairman of Board,
  New York Life Insurance Company

A. E. PERLMAN, President, New York Central System

L. A. PETERSEN, Chairman of Board, Otis Elevator Company

DALE E. SHARP, Vice Chairman of Board,
  Morgan Guaranty Trust Company of New York

SIDNEY L. SOLOMON, Chairman of Board,
  Abraham & Straus

EDWARD STALEY, Vice Chairman of Board,
  W. T. Grant Company

NORMAN TISHMAN, Chairman of Board,
  Tishman Realty & Construction Co., Inc.

H. C. TURNER, Jr., Chairman of Board,
  Turner Construction Company

ROBERT C. TYSON, Chairman, Finance Committee,
  United States Steel Corporation

EDMUND F. WAGNER, Chairman of Board,
  The Seamen's Bank for Savings in the City of New York

N. H. WENTWORTH, Vice Chairman of Board,
  The Continental Insurance Companies

J. HUBER WETENHALL, Chairman of Board,
  National Dairy Products Corporation

DAVID L. YUNICH, President, Macy's New York

BURTON A. ZORN, Proskauer Rose Goetz & Mendelsohn

Digitized by the New York State Library from the Library's collections.



# NEW YORK STATE AFL-CIO

DE WITT CLINTON HOTEL    •    ALBANY, N. Y. 12201

PHONE HE 6-8516 (Area Code 518)

**RAYMOND R. CORBETT**
*President*

**LOUIS HOLLANDER**
*Secretary-Treasurer*

MARCH 18, 1966

HON. NELSON A. ROCKEFELLER              RE: S.I. 1607, S.P. 1652
GOVERNOR                                     S.I. 2484, S.P. 2566
STATE OF NEW YORK
THE CAPITOL
ALBANY, N.Y.

DEAR GOVERNOR ROCKEFELLER:          ATTN. HON. ROBERT R. DOUGLASS

     THE NEW YORK STATE AFL-CIO ENDORSES THE ABOVE BILLS AND
URGES THEIR BEING SIGNED INTO LAW.

     BOTH BILLS EXTEND WAGE PAYMENT PROTECTIONS TO PERSONS
NOT NOW COVERED BY THE LAW; S.I. 2484 TO WORKERS WHO EARN
BETWEEN $100 AND $200 A WEEK, AND S.I. 1607 TO DOMESTIC
WORKERS AND TO EMPLOYEES OF NON-PROFIT ORGANIZATIONS.

     IT MAKES LITTLE SENSE TO HAVE A WAGE PROTECTION LAW
AT ALL IF IT IS FILLED WITH LOOPHOLES AND EXCEPTIONS.
THERE IS NO REASON FOR ANY WORKER TO BE DENIED THE PROTEC
TIONS AVAILABLE TO THE GREAT BULK OF OTHER WORKERS IN THE
STATE. BOTH BILLS ARE LONG OVERDUE AND SHOULD PROMPTLY
BECOME LAW.

                         SINCERELY,

                         Ray Corbett

                         RAYMOND R. CORBETT
                         PRESIDENT

OPEIU-58

Digitized by the New York State Library from the Library's collections.



# NEW YORK STATE AFL-CIO
DE WITT CLINTON HOTEL   •   ALBANY, N. Y. 12201
PHONE HE 6-8516 (Area Code 518)

**RAYMOND R. CORBETT**
*President*

**LOUIS HOLLANDER**
*Secretary-Treasurer*

MAY 12, 1966

RE: S.I. 1607, S.P. 5414

HON. NELSON A. ROCKEFELLER
GOVERNOR
STATE OF NEW YORK
EXECUTIVE CHAMBER
THE CAPITOL
ALBANY, N.Y.

DEAR GOVERNOR ROCKEFELLER:   ATTN: ROBERT R. DOUGLASS

THE NEW YORK STATE AFL-CIO REITERATES ITS ENDORSE-
MENT OF THE ABOVE BILL AND URGES ITS BEING SIGNED INTO
LAW. WE WROTE YOU ON MARCH 18 ENDORSING AN EARLIER
PRINT OF THIS BILL.

THE BILL EXTENDS WAGE PAYMENT PROTECTIONS TO
DOMESTIC WORKERS AND TO EMPLOYEES OF NON-PROFIT ORGANI-
ZATIONS. IT MAKES LITTLE SENSE TO HAVE A WAGE PROTEC-
TION LAW AT ALL IF IT IS FILLED WITH LOOPHOLES AND
EXCEPTIONS. THERE IS NO REASON FOR ANY WORKER TO BE
DENIED THE PROTECTIONS AVAILABLE TO THE GREAT BULK OF
OTHER WORKERS IN THE STATE. THE BILL IS LONG OVERDUE
AND SHOULD PROMPTLY BECOME LAW.

SINCERELY,

*Ray Corbett*

RAYMOND R. CORBETT
PRESIDENT

OPEIU-58

Digitized by the New York State Library from the Library's collections.

# NEW YORK STATE CATHOLIC WELFARE COMMITTEE

Office of the Secretary • 100 State Street • Albany, New York 12207

May 9, 1966

Hon. Robert R. Douglass
Counsel to the Governor
Executive Chambers, State Capitol
Albany, New York 12224

Re:  Sen. Int. 1607 (Pr. 5414) Laverne
     Relating to payment of wages

Dear Mr. Douglass:

The above-numbered bill, recommended to the Legislature by the State Department of Labor, is now pending before the Governor for executive consideration. This bill was previously before the Governor and it was returned to the Legislature for reconsideration with respect to its effect upon non-profit organizations.

Upon its return to the Legislature, we had the opportunity of conferring with the State Department of Labor and with the legislative leadership with respect to the formulation of the modifications of this bill. We are pleased that modification has been made in the proposal which will make the bill less onerous upon the programs of religious, charitable and educational organizations.

This bill reflects a growing trend in regulatory legislation which fails to take into account the specific problems and the special characteristics of programs and organizations operated under religious, charitable and educational auspices. There is a growing tendency in our law to treat everyone alike. In doing so, the special protections and encouragements, which are afforded to programs of such organizations which are for the benefit of the general welfare, are being set aside.

While we do not object to the bill, we do call into question this whole trend because we see in it a failure to acknowledge the special characteristics and the special problems which eleemosynary organizations face.

Respectfully submitted,

Charles J. Tobin, Jr.
Secretary

Digitized by the New York State Library from the Library's collections.

# NEW YORK STATE CATHOLIC WELFARE COMMITTEE

Office of the Secretary  ●  100 State Street  ●  Albany, New York  12207

May 24, 1966

Hon. Robert R. Douglass
Counsel to the Governor
Executive Chambers, State Capitol
Albany, New York 12224

> Re: Sen. Int. 1607 (Pr. 5414) Laverne
> Relating to payment of wages

Dear Mr. Douglass:

The above-numbered bill is now pending before the Governor for executive action, and you have asked us for our comments and recommendation with respect to it.

We previously objected to an earlier print of this bill and, as a result, certain modifications were made in the bill to conform to the suggestions which we made.

In the light of these revisions, we do not have any further objection to make to the bill.

With kind personal regards

Sincerely yours,

Charles J. Tobin, Jr.
Secretary

Digitized by the New York State Library from the Library's collections.



OFFICE OF THE
**LEGISLATIVE REPRESENTATIVE**

TEN EYCK HOTEL, ROOM 599
ALBANY, NEW YORK

CITY OF NEW YORK
OFFICE OF THE MAYOR
NEW YORK, N. Y. 10007

March 21, 1966

## M E M O R A N D U M

TO:     HON. ROBERT R. DOUGLASS, Counsel to the Governor

FROM:   RICHARD M. ROSEN, Assistant to the Mayor


RE:     S-Laverne   I. 1607   Pr. 1652

        AN ACT To amend the labor law and the penal law, in
            relation to payment of wages



        This will acknowledge receipt of the Governor's request
for the Mayor's recommendations concerning the above bill,
which is before the Governor for executive action.

        The bill would not have any substantial effect on the
property, affairs, government or administration of the City.

        Accordingly, the Mayor does not deem it advisable to make
any specific recommendation concerning the bill.

Richard M. Rosen
Assistant to the Mayor

13b

Digitized by the New York State Library from the Library's collections.

S-1607

STATE OF NEW YORK
DEPARTMENT OF AUDIT AND CONTROL
ALBANY

ARTHUR LEVITT
STATE COMPTROLLER

March 21, 1966

IN REPLYING REFER TO

REPORT TO THE GOVERNOR ON LEGISLATION

TO:   The Honorable Robert R. Douglass, Counsel to the Governor

The following bills are of "No Interest" to this Department:

| SENATE | INT. | PR. |
|--------|------|-----|
|  | 175 | 175 |
|  | 1100 | 1112 |
|  | 1411 | 1436 |
|  | 1266 | 1287 |
|  | 1427 | 1452 |
|  | 1527 | 1555 |
|  | 1607 | 1652 |
|  | 1701 | 1750 |
|  | 1727 | 1776 |
|  | 2088 | 2149 |
|  | 2090 | 2151 |
|  | 2091 | 2152 |
|  | 2227 | 2296 |
|  | 2229 | 2298 |
|  | 2484 | 2566 |
|  | 2780 | 2873 |
|  | 4011 | 4168 |

ARTHUR LEVITT
State Comptroller

By

Alfred W. Haight
First Deputy Comptroller

DD:bf

Digitized by the New York State Library from the Library's collections.



**STATE OF NEW YORK**
## DEPARTMENT OF AUDIT AND CONTROL
**ALBANY**

ARTHUR LEVITT
STATE COMPTROLLER

May 9, 1966

IN REPLYING REFER TO

REPORT TO THE GOVERNOR ON LEGISLATION

TO:  The Honorable Robert R. Douglass, Counsel to the Governor

The following bills are of "No Interest" to this Department:

| ASSEMBLY | INT. | PR. |
|----------|------|-----|
| | 755 | 5682 |
| | 1550 | 6780 |
| | 2200 | 6547 |
| | 2872 | 6393 |
| | 5228 | 5390 |
| | 5868 | 6744 |
| | 5935 | 7033 |

| SENATE | | |
|--------|------|--------|
| | 227 | 227-A |
| | 888 | 897 |
| | 1098 | 2361 |
| | 1607 | 5414 |
| | 2156 | 2217 |
| | 2265 | 4337 |
| | 2838 | 6910 |
| | 2857 | 2950 |

ARTHUR LEVITT
State  Comptroller

By *Alfred W. Haight*

Alfred W. Haight
First Deputy Comptroller

DD:bf

231

Digitized by the New York State Library from the Library's collections.

TO COUNSEL TO THE GOVERNOR

      RE:  ASSEMBLY INT.        , PR.

            SENATE INT.  1607    , PR. 1652

    This annexed bill does not appear to involve a
substantial or unusual legal problem, nor to relate
directly to the functions of the Department of Law.
Consequently, the bill is returned without comment.
If there is some particular aspect of the bill upon
which you wish to comment, please advise me.

Dated:  March 21, 1966

                    LOUIS J. LEFKOWITZ
                    Attorney General

Digitized by the New York State Library from the Library's collections.

TO COUNSEL TO THE GOVERNOR

   RE:  ASSEMBLY INT.   , PR.
    SENATE INT.  **1607**  , PR. **5414**

  This annexed bill does not appear to involve a
substantial or unusual legal problem, nor to relate
directly to the functions of the Department of Law.
Consequently, the bill is returned without comment.
If there is some particular aspect of the bill upon
which you wish to comment, please advise me.

Dated:  May 11, 1966

        LOUIS J. LEFKOWITZ
        Attorney General

Digitized by the New York State Library from the Library's collections.